IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALL CHOCOLATE KITCHEN, LTD., | )<br>)<br>) Case No. 16-cv-11697<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| PARIS CREPERIA, INC.,<br>d/b/a PARIS BISTRO, and<br>IRINA HAYDON. | |
| Defendants. | |

## COMPLAINT

Plaintiff All Chocolate Kitchen, LTD. ("A.C.K." or "Plaintiff") hereby brings the present action against defendants Paris Creperia, Inc., d/b/a Paris Bistro, and Irina Haydon, (collectively, "Defendants"), and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for infringement of A.C.K.'s U.S. trademark rights in violation of 15 U.S.C. § 1114, infringement of A.C.K.'s common law trademark rights, unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1, *et seq.*), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*).

### II. PARTIES

2. All Chocolate Kitchen, LTD. is a company organized and existing under the laws of the State of Illinois, having its principal place of business at 33 S. Third Street, Geneva, Illinois, 60134.

3. Upon information and belief, Defendant Paris Creperia, Inc. is a corporation organized under the laws of Illinois. According to the online Illinois Secretary of State records, as of December 29, 2016, Paris Creperia, Inc. was not in good standing. Additionally, according to the online records of the Illinois Liquor Control Commission, Paris Creperia, Inc. is a restaurant located at 2835 Showplace Drive, Naperville, Illinois, 60564 and operates under the name "Paris Bistro."

4. Upon information and belief, Defendant Irina Haydon is a resident of Naperville, Illinois. Upon further information and belief, Defendant Irina Haydon is an owner of Paris Bistro located at 2835 Showplace Drive #103, Naperville, Illinois, 60564.

5. Upon information and belief, Peter Karl Youngren is or was at one time a co-owner of Paris Bistro.

### III. JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Personal jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) with respect to Defendants, because both defendants are residents of Illinois and a substantial part of the events giving rise to the claims alleged herein occurred in this District. Furthermore, Paris Bistro conducts regular business within this District.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the activities giving rise to the claims alleged herein occurred in this district; and, upon information and belief, Defendants have committed acts of infringement in this District.

### IV.    A.C.K.'S PRODUCTS AND RESTAURANT SERVICES

9.     In August, 2011, world renowned Chef Alain Roby, along with his wife Esther, opened All Chocolate Kitchen in downtown Geneva, Illinois.  Since its founding, A.C.K. has grown to become an award-winning and internationally recognized café and restaurant offering the highest quality food and services to its customers.  While A.C.K. is known for its exquisite truffles, cakes and authentic Italian Gelato, it also serves numerous other desserts, gourmet coffee, French crêpes, waffles, as well as savory items, including pizza.  A.C.K. also offers space for private dining and events.

10.    As a result of their long-standing use, A.C.K. owns common law trademark rights in its various trademarks.  A.C.K. uses its trademarks in connection with the sale and marketing of its A.C.K. branded goods and services.  The following mark, which is referred to herein as the "A.C.K. Trademark," has been registered with the United States Patent and Trademark Office.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,908,473 | [stylized "A" logo] | For: cakes; chocolate and chocolates; chocolate fondue; coffee based beverages; and gelato in class 030.<br><br>For: retail store featuring candy and gelato in class 035.<br><br>For: restaurant and carry-out services; catering services; coffee-house and snack.-bar services; rental of banquet and social function facilities for special occasions, namely, weddings, parties, and gatherings in class 043. |

11. The above U.S. registration for the A.C.K. Trademark is valid, subsisting, and in full force and effect. The A.C.K. Trademark has been used exclusively and continuously by A.C.K. since June, 2011, and has never been abandoned. The registration for the A.C.K. Trademark constitutes *prima facie* evidence of its validity and of A.C.K.'s exclusive right to use the A.C.K. Trademark pursuant to 15 U.S.C. § 1057(b). A true and correct copy of the U.S. Registration Certificate for the above-listed A.C.K. Trademark is attached hereto as **Exhibit 1**.

12. The A.C.K. Trademark is distinctive when applied to A.C.K.'s products and/or packaging, signifying to the purchaser that the products come from A.C.K. and are made to A.C.K.'s high-quality standards. The A.C.K. Trademark is also exclusive to A.C.K., and is displayed extensively both outside and inside at the A.C.K. café and restaurant in downtown Geneva, online at A.C.K.'s allchocolatekitchen.com website and on A.C.K.'s social media accounts, on A.C.K. products and packaging, and on A.C.K.'s marketing and promotional materials. As a result, A.C.K. expends thousands of dollars annually in advertising and marketing featuring the A.C.K. Trademark.

13. A.C.K. has also been the subject of extensive unsolicited publicity resulting from Chef Alain Roby's high-quality, innovative and record-breaking chocolate and sugar creations. In 2012, ABC, FOX, and NBC, along with numerous food press outlets, including Zagat, Chicagoist, and Dining Chicago, visited A.C.K. and provided coverage as Chef Roby earned a third Guinness World Record by creating the World's Longest Candy Cane. In 2015, the Food Network filmed its "Outrageous Chocolate Special" at A.C.K., featuring Chef Roby's creation of a life-size white chocolate statue of the Greek god Eros. A.C.K. has also been featured on the A&E Network, which featured the wedding cake Chef Roby made for celebrities Jenny McCarthy and Donnie Wahlberg, as well as on CBS's "Entertainment Tonight," NBC's "The Martha Stewart Show,"

ABC's "The Chew" and Chicago morning show "Windy City Live," The Learning Channel ("TLC"), the Hallmark Channel, and many others.

14. Since at least as early as 2011, A.C.K. has operated a website at allchocolatekitchen.com where it promotes and advertises A.C.K. products, events, news and other information. The allchocolatekitchen.com website features proprietary content, images and designs exclusive to A.C.K., including the A.C.K. Trademark.

15. A.C.K. has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the A.C.K. Trademark. As a result, the A.C.K. Trademark has developed considerable consumer and public recognition. The outstanding reputation and significant goodwill associated with the A.C.K. brand have made the A.C.K. Trademark an invaluable asset to A.C.K.

## V. DEFENDANTS' UNLAWFUL CONDUCT

16. Upon information and belief, Paris Bistro opened at 2835 Showplace Dr. #103, Naperville, Illinois, 60564 in or about June, 2012. Upon information and belief, Paris Bistro is a French-themed restaurant offering food and beverages such as pastries, desserts, gelato, crêpes, sandwiches, coffee and other items.

17. Upon information and belief, Defendants have been engaged in the advertising, promoting, distributing, selling, and/or offering for sale of products using a logo and source-identifying indicia and design elements that are confusingly similar to the federally registered A.C.K. Trademark.

18. In or about March, 2016, A.C.K. became aware of Paris Bistro and Defendants' use of a logo confusingly similar to the A.C.K. Trademark (the "Paris Bistro Logo"). Through its investigation of Paris Bistro, A.C.K. also became aware of the website parisbistronaperville.com.

5

According to WHOIS records, Defendant Irina Haydon is the registered owner of the domain parisbistronaperville.com. Upon information and belief, this domain was acquired on or about April 2, 2012.

19. On March 21, 2016, upon learning of Defendants' use of the Paris Bistro Logo in connection with goods and services identical and/or related to those offered by A.C.K. under its A.C.K. Trademark, in a close geographic proximity, and in a manner that targets the same consumers, A.C.K. sent Defendant Irina Haydon a letter demanding that Paris Bistro cease use of the Paris Bistro Logo.

20. Ms. Haydon responded on April 5, 2016, among other things, refusing to cease use of the Paris Bistro Logo.

21. On May 16, 2016 A.C.K. replied to Ms. Haydon's letter, again demanding that Paris Bistro cease use of the Paris Bistro Logo.

22. Defendants, in a letter dated June 16, 2016, again refused to cease use of the Paris Bistro Logo.

23. On November 8, 2016 A.C.K. provided Defendants with a draft Complaint and once again demanding that Defendants cease use of the Paris Bistro Logo. Defendants never provided a substantive response to the November 8, 2016 communication.

24. In a final attempt to resolve the matter without judicial intervention, A.C.K. wrote a letter on December 9, 2016 seeking written confirmation that the use of the Paris Bistro Logo has ceased. Later that same day, Defendant Irina Haydon, on behalf of Defendants, refused yet again to cease using the Paris Bistro Logo.

25. A comparison of an example of A.C.K.'s product packaging and promotional material, with Defendants' Paris Bistro Logo as shown on the entrance to Paris Bistro, exemplifies the fact that the Paris Bistro Logo is confusingly similar to the A.C.K. Trademark.



**A.C.K. Trademark as it appears on a dessert box.**



**A.C.K. Trademark as it appears on a sticker label.**



**Paris Bistro Logo as it appears on the entrance to Paris Bistro.**

26. A comparison of one of A.C.K.'s entrances with Defendants' Paris Bistro entrance also exemplifies the fact that the Paris Bistro Logo is confusingly similar to the A.C.K. Trademark, and is used in a manner likely to cause confusion with A.C.K.



**An entrance to A.C.K., with the A.C.K. Trademark on the glass entrance doors.**



**The Entrance to Paris Bistro, with the Paris Bistro Logo on the glass window and entrance door.**

27. Upon information and belief, Defendants have, without any authorization, license, or other permission from A.C.K., used the Paris Bistro Logo, a logo confusingly similar to the federally registered A.C.K. Trademark, in connection with the advertisement, distribution, offering for sale, and sale of products and services in the United States and Illinois.

8

28. Upon information and belief, Defendants' use of the Paris Bistro Logo, a logo confusingly similar to the federally registered A.C.K. Trademark, in the advertisement, distribution, offering for sale, and sale of products and services was willful.

29. Defendants' willful use of the Paris Bistro Logo in connection with the advertisement, distribution, offering for sale, and sale of products and services is likely to cause and has caused confusion, mistake, and deception by and among customers of A.C.K. and is irreparably harming A.C.K.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)(a))

30. A.C.K. hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. This is a federal trademark infringement action against Defendants based on their unauthorized use in commerce of the Paris Bistro Logo, a logo confusingly similar to the federally registered A.C.K. Trademark, in connection with the sale, offering for sale, distribution, and/or advertising of competing services. The A.C.K. Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from A.C.K. products and services offered, sold or marketed under the A.C.K. Trademark.

32. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products and services using the Paris Bistro Logo, a logo confusingly similar to the federally registered A.C.K. Trademark.

33. A.C.K. is the exclusive owner of the A.C.K. Trademark. A.C.K.'s United States Registration for the A.C.K. Trademark is in full force and effect. Since at least as early as March 21, 2016, Defendants have had actual knowledge of A.C.K.'s rights in the A.C.K. Trademark, and are willfully infringing and intentionally using the Paris Bistro Logo, a logo confusingly similar to

the federally registered A.C.K. Trademark. Defendants' willful, intentional and unauthorized use of the Paris Bistro Logo is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Defendants' products and services among the general public.

34. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. A.C.K. has no adequate remedy at law, and if Defendants' actions are not enjoined, A.C.K. will continue to suffer irreparable harm to its reputation and the goodwill of its well-known A.C.K. Trademark.

36. The injuries and damages sustained by A.C.K. have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Defendants' products and services.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

37. A.C.K. hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 36.

38. The A.C.K. Trademark has been used in commerce exclusively and continuously by A.C.K. since at least June, 2011. Through A.C.K.'s extensive and continued use of the A.C.K. Trademark, the A.C.K. trademark has become highly distinctive, and consumers have come to expect the highest quality from A.C.K. goods and services offered, sold or marketed under the A.C.K. Trademark.

39. Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products and services using the Paris Bistro Logo, a logo confusingly similar to the A.C.K. Trademark, without A.C.K.'s authorization.

40. Since at least as early as March 21, 2016, Defendants have had actual knowledge of A.C.K.'s rights in the A.C.K. Trademark, and are willfully infringing and intentionally using the Paris Bistro Logo, a logo confusingly similar to the A.C.K. Trademark. Defendants' willful, intentional and unauthorized use of the Paris Bistro Logo is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Defendants' products and services among the general public.

41. Defendants' activities constitute willful trademark infringement of A.C.K.'s common law trademark rights.

42. A.C.K. has no adequate remedy at law, and if Defendants' actions are not enjoined, A.C.K. will continue to suffer irreparable harm to its reputation and the goodwill of its well-known A.C.K. Trademark.

43. The injuries and damages sustained by A.C.K. have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Defendants' products and services.

## COUNT III
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

44. A.C.K. hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 43.

45. Defendants' promotion, marketing, offering for sale, and sale of products and services using the Paris Bistro Logo has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with A.C.K. or the origin, sponsorship, or approval of the Defendants' products and services by A.C.K.

46. By using the Paris Bistro Logo, a logo confusingly similar to the A.C.K. Trademark, in conjunction with Defendants' products and services, Defendants create a false

designation of origin and a misleading representation of fact as to the origin and sponsorship of the Defendants' products and services.

47. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Defendants' products and services to the general public involves the use of a confusingly similar mark and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

48. A.C.K. has no adequate remedy at law, and if Defendants' actions are not enjoined, A.C.K. will continue to suffer irreparable harm to its reputation and the goodwill of its well-known A.C.K. Trademark.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

49. A.C.K. hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50. Defendants have engaged in acts violating Illinois law including, but not limited to, causing a likelihood of confusion and/or misunderstanding as to the source of the Defendants' products and services; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine A.C.K. goods and services; representing that the products and services associated with the Paris Bistro Logo have A.C.K.'s approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the general public.

51. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

52. A.C.K. has no adequate remedy at law, and Defendants' conduct has caused A.C.K. to suffer damage to its reputation and goodwill. Unless enjoined by the Court, A.C.K. will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

### COUNT V
### VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS § 505, *et seq.*)

53. A.C.K. hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 52.

54. Defendant's willful and unauthorized use of a mark confusingly similar to the A.C.K. Trademark has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or of understanding as to the source, sponsorship, approval and/or certification of the Defendants' products and services.

55. Such knowing and willful conduct described above constitutes deceptive business practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505), and as a result, A.C.K. has suffered and will continue to suffer immediate and irreparable harm to its goodwill and reputation, for which A.C.K. lacks an adequate remedy at law.

56. A.C.K. is entitled to entry of damages, attorneys' fees and punitive damages and permanent injunctive relief enjoining the sale of products and services marketed under the Paris Bistro Logo in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

### PRAYER FOR RELIEF

WHEREFORE, A.C.K. prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using, selling, offering for sale, holding for sale, distributing, transferring, shipping, marketing, advertising or promoting any goods or services under or in connection with the Paris Bistro Logo, or any other logo or mark confusingly similar to the A.C.K. Trademark;

    b. committing any acts calculated to cause consumers to believe that Defendants' products and services are those sold under the authorization, control or supervision of A.C.K., or are sponsored by, approved by, or otherwise connected with A.C.K.;

    c. further infringing the A.C.K. Trademark and damaging A.C.K.'s goodwill; and

    d. otherwise competing unfairly with A.C.K. in any manner;

2) That Defendants destroy all advertisements, brochures, promotional and marketing material in their possession or control within the United States that use the Paris Bistro Logo, and that Defendants immediately cease use of and delete any Internet advertisements featuring the Paris Bistro Logo;

3) That Defendants account for and pay to A.C.K. all damages and profits (including as provided by 15 U.S.C. §1117, the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 ILCS 510, the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505, and at common law) realized by Defendants by reason of Defendants' unlawful acts alleged herein, and that the amount of damages for infringement of the A.C.K. Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That A.C.K. be awarded its reasonable attorneys' fees and costs; and

5) That this Court award any and all other relief that it deems just and proper.

## JURY DEMAND

Plaintiff A.C.K. demands a trial by jury in this action for all issues so triable.

Dated this 29th day of December 2016.

                                                Respectfully submitted,

                                                /s/ KEVIN W. GUYNN
                                                Kevin W. Guynn
                                                Patrick Smith
                                                Mary F. Fetsco
                                                Greer, Burns & Crain, Ltd.
                                                300 South Wacker Drive, Suite 2500
                                                Chicago, Illinois 60606
                                                312.360.0080
                                                312.360.9315 (facsimile)
                                                kguynn@gbc.law
                                                psmith@gbc.law
                                                mfetsco@gbc.law

                                                *Counsel for Plaintiff All Chocolate Kitchen, LTD.*